```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :   Civ. No. 3:22CV00230(SALM)
                              :
v.                            :
                              :
COLLEEN McMAHON, KATHY        :
HOCHUL, DAVID E. POWELL, and  :
NEW YORK STATE DIVISION OF    :
HUMAN RIGHTS                  :   February 17, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 9, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names Colleen McMahon, Kathy Hochul, David E. Powell, and the New York State Division of Human Rights as defendants. See Doc. #1 at 1. The Complaint is handwritten on a United States District Court, District of Connecticut, Complaint Form. Plaintiff's statements in the Cause of Action section read, in their entirety:

> **Claim I:** Colleen McMahon abused her immunities by denying Robert W. Johnson merits for Pro Se Corporation & government crimes.
>
> [Supporting Facts:] Colleen McMahon presided over U.S. District Court proceedings & discriminated against & abused immunities against Robert W. Johnson.

1

> **Claim II:** Kathy Hochul and David E. Powell and New York State Division of Human Rights denied Robert W. Johnson Due Process Rights.
>
> [Supporting Facts:] NYS Div. of Human Rights Case No. 10212916.

Id. at 2. The Nature of the Case section reads, in its entirety:

> Colleen McMahon abused her authority in the Southern District of New York and denied Robert W. Johnson his Due Process rights for matters Colleen McMahon presided over in the years of 2019 and 2020. Colleen McMahon was a defendant in a civil action and still presided over Robert W. Johnson civil matters following above-said civil actions. Kathy Hochul and David E. Powell denied Robert W. Johnson Human Rights Violations probes against Colleen McMahon. All parties are abusing immunities.

Id. at 3 (sic).

## I. Standard of Review

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that[]" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

~ 3 ~

Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be expansively drawn." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The Complaint fails to assert any basis for subject matter jurisdiction. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015),

aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

Plaintiff makes no allegations about the citizenship of the parties. For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Dismissal is appropriate where plaintiff does not allege "diversity of citizenship between [him]self and any of the defendants." Graddy v. Bonsal, 375 F.2d 764, 765 (2d Cir. 1967).

The Complaint asserts that defendants "denied [him] Due Process Rights[.]" Doc. #1 at 2. However, this mere passing reference to a Constitutional right is insufficient to invoke

federal question jurisdiction.[2] See, e.g., Book v. Mortg. Elec. Registration Sys., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("[M]erely referencing" a Constitutional provision "is not sufficient to confer subject matter jurisdiction."). Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8.

Furthermore, even assuming, arguendo, that the Court had federal question jurisdiction, plaintiff's allegations would be insufficient to state a claim for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

> Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1061–62 (2d Cir. 1993); Costello v. McEnery, 1994 WL

---

[2] Plaintiff has written "440: Other Civil Rights: Federal Question[]" as the basis for jurisdiction. Doc. #1 at 3. This is insufficient to convey federal question jurisdiction.

> 410885 *4 (S.D.N.Y. Aug. 3, 1994), aff'd, 57 F.3d 1064
> (2d Cir. 1995). It is only when such a right is
> established that the court may turn to a discussion of
> whether there has been a deprivation of that right
> without due process.

Longo v. Suffolk Cnty. Police Dep't Cty. of Suffolk, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006). Plaintiff has not alleged that he was deprived of any constitutionally protected interest. Nor has he alleged any way in which the process received was insufficient. It appears that plaintiff is dissatisfied with some action (or inaction) of the DHR. But dissatisfaction with the outcome of a process is not sufficient to support a claim that the process itself was defective. See, e.g., Belanger v. Blum, No. 3:08CV00584(VLB), 2010 WL 1286857, at *6 (D. Conn. Mar. 30, 2010) ("While the Plaintiffs note disagreement with the Defendants' October 18, 2007 policy decision, they do not provide any facts indicating that the past or any future decision-making process did or would violate due process."); Wooten v. U.S. Dep't of Health & Human Servs. - Office of Civil Rights, No. 10CV03728(SAS), 2011 WL 536448, at *8 (S.D.N.Y. Feb. 15, 2011), aff'd sub nom. Wooten v. U.S. Dep't of Health & Human Servs., 478 F. App'x 708 (2d Cir. 2012) ("While plaintiff plainly disagrees with the outcome of the investigations, this does not make it a constitutional violation.").

Additionally, plaintiff brings claims against United States District Judge Colleen McMahon. These claims relate directly to

her presiding over cases before her. As plaintiff has been advised by a decision of the Southern District of New York, "Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities." Johnson v. McMahon, No. 19CV05090(LLS), 2019 WL 2647496, at *2 (S.D.N.Y. June 26, 2019). "Plaintiff sues Chief Judge McMahon based on her rulings[.] ... This claim clearly challenges judicial conduct. It is therefore barred under the doctrine of judicial immunity[.]" Id.

Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice**.

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **March 11, 2022**.

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.

                                              \_\_\_\_/s/_____
                                              SARAH A. L. MERRIAM
                                              UNITED STATES DISTRICT JUDGE